Good morning and welcome to the Ninth Circuit. My law clerk is here. Would you go downstairs and find my glasses? We can proceed without my glasses for the time being. Welcome to all the students who are here. You're going to see a long list of cases. The custom here, and you may be a little surprised by what appears to be impoliteness by the judges, what happens is that the lawyers talk for a while and then we just interrupt and we've got our own questions and so on. But that's the way it works. We've read the briefs. We've thought about the case. We don't really need the lawyers to explain a lot of stuff about what happened because we already know. And the most efficient way for us to understand what's going on is just interrupt. So bear with us. And what looks like impoliteness is the ordinary way. A lawyer who talks without interruption hates it. They expect to be interrupted. They want to have the questions because they know what's on their mind. Okay, we've got a lot of questions, a lot of cases this morning, the first of which is United States v. Tubbs. When you're ready. And I gather you're splitting argument. All right. Good morning, Your Honors. May it please the Court, Carolyn Wiggin here on behalf of Mr. Javaris Tubbs. John Ballas is also here on behalf of Mr. Michael Blanche. Our plan is for me to do the opening and Mr. Ballas to do the rebuttal, but we're happy to come up and answer questions about our clients if they come up at any time. Okay, but at the moment it looks as though you're splitting seven minutes, three minutes? Yes. Okay. Your Honors, we recognize that this panel is bound by Watson, and that has decided that the substantive offense of armed federal bank robbery is a crime of violence under the Elements Clause. But we still maintain that aiding and abetting federal armed bank robbery is not a crime of violence under the Elements Clause. It does not include an element requiring the defendant to use, attempt to use, or threaten to use force. You know, that's a really interesting and, I think, hard question. Do we get to the question? I looked at the verdict form for both of the two defendants, and the question asked the jury is guilty or not guilty of armed bank robbery and aiding and abetting. And the jury says guilty as to both. So do we reach the question of aiding and abetting? We do, Your Honor. If we look at how the jury was instructed in this case, and the government included the jury instructions on pages, or a portion of them at least, on pages 25 to 26 of the government supplemental excerpt of record, the jury had already been given the armed bank robbery instruction, and then they're told, by the way, you can be found guilty of that crime even if you didn't personally commit the act or acts constituting the crime, but you aided and abetted. And so they're told the aiding and abetting instruction, and then they're told the government is not required to prove precisely which defendant committed the crime and which aided and abetted. So I think both of these gentlemen, there was not a special verdict finding whether they are guilty as a principal or an aider and abetter. We have to assume the convictions rested on the lease. But the word and is there in the verdict form. That is to say the jury found each of the defendants guilty of both the substantive crime of armed bank robbery and aiding and abetting. That's what the verdict form says. The verdict form includes both theories of liability. With the word and. Oh, I see what you're saying. Well, I think if we look at the instruction, there's only one verdict form. There's not separate check boxes for each. That's right. And they're told you don't have to decide if it was aiding and abetting or guilty as a principal. So I think we have to assume the jury. I looked for the jury instructions in the ER. Are they there and I missed them? I just found them recently. But they are in the government supplemental ER pages 25 and 26 is the aiding and abetting instruction. And you're referring to that? I think I'm looking at it. It's instruction 14. It says that the government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted. That's true. You can find that in the district court ER, which I also printed out. But I also noted that that portion is in this government supplemental ER. Okay. If you can show me where the jury instructions are that you're referring to, that would be great. And I'd be happy to pass this up. This is docket number 79. Is it in the ER or supplemental ER? If we look at supplemental ER, the government supplemental ER, pages 25 to 26, it's a portion of the reporter's transcript where the judge is reading out the jury instructions. I see. Okay. And that's where we'll find it. Okay. So point me to where, in your view, the jury's instructed that they can convict on either. And they don't have to convict on both. So I'm now at page 26 of the government's supplemental ER. It's page 658 of the reporter's transcript. And lines 15 to 17 say, the government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted. So the jury instruction is actually inconsistent with the jury verdict. I think they are. And I think that if we go back to page 25, the lines 21 and following, a defendant may be found guilty of a crime, even if that defendant personally did not commit the act or acts. I'm sorry. I lost you. Okay. So where are you again? Page 25 of the supplemental ER. Yeah, yeah. What line? Line 21 down to 24. A defendant may be found guilty of a crime, even if that defendant personally did not commit the act or acts constituting the crime, but aided and abetted in its commission. Yep. Okay. So I think what the jury was told is that you can find them guilty under either theory. We're not going to make you decide. So we have to assume. But then the verdict says and. That's true. And I don't know if that's because when indictments are drafted, usually and can stand in for or. Well, those are very different words. Yes. Well, I don't know if it's – I don't – if we say the jury found them guilty of both, I think that's hard to say when they're told. You can find them guilty on either theory of liability. How can you be guilty of both? You know, it seems like the jury would have to make inconsistent factual findings about involvement. I mean, I haven't researched this. I wasn't thinking about it other than just now. But it seems to me it creates an internal inconsistency. Well. Is that what you're thinking? Well, no, not necessarily because we've got two defendants. I could myself commit the robbery, and I can aid and abet my friend who's committing it. So I think you could do both given that there are two people here, and they're both involved in the robbery. I think, and I would say this is where we go back to the categorical approach in an element space. So if we are at the categorical approach, how do we get there when the indictment doesn't charge aiding and abetting in the sense of, well, you encouraged them, you said, please do this, which would be aiding and abetting, but instead the indictment says force, violence, and intimidation. That's what the indictment charges. Although I believe the indictments, which would be in the ER, and I can go get them. Yeah, no, I read it this morning. Count 1 includes 18 U.S.C. Section 2, which is aiding and abetting. I think for many years and for many purposes still it doesn't matter. Count 1 is going to be punished the same way regardless, and that's still true. Yeah, no, Section 2 does say aiding and abetting will be punished as if it were a principle. It doesn't say you're guilty of the same crime, but it says you'll be punished as if you were a principle. Exactly, and I just was rereading Davis, the Supreme Court's decision from six months ago about 924C, and some of the predicates in that case were Hobbs Act robberies. One, at least, was conspiracy to commit Hobbs Act robbery. If we look at 18 U.S.C. 1951, Congress says those are punished the same. So I think punished the same is not the same as they include all the same elements because all courts, federal courts that have looked at this, said Hobbs Act robbery is a crime of violence, but conspiracy to commit it is not. So I think the colon analysis, that just look at the same punishment, is the wrong analysis. To look sideways, what's the law if it's an attempt to commit a crime of violence? Is conviction for attempt to commit a crime of violence itself a crime of violence? I mean, I know people litigating that, but many courts have said yes, and I think that's because the definition of crime of violence itself, the elements clause in 924Ca, includes attempt. So I think a lot of courts have said, there you go. Could you briefly address Rosemond? I mean, because under Rosemond, aiding and abetting requires a specific intent to, with respect to each of the elements of the offense. So under an elements-based analysis, it seems like the aider and abetter has committed the functional equivalent of every one of the elements. So why is that view wrong? I believe, and if we look at the modern, the instruction given in this case, today's Ninth Circuit model instruction for aiding and abetting, the defendant does have to know about the whole crime and intend to help the whole crime. But they only have to actively participate in, they don't have to actively participate in all the elements. They don't have to be in the bank, using force. They have to know that's going to happen, and they're helping that crime. So I do agree, in these aiding and abetting cases, they know someone's going to do that, and the government does have to prove someone did that. They not only have to know, they have to intend. Intend to help that crime. I agree with that. I've gone over my time. Let's hear from your co-counsel, and then we will, although we're taking you over time. Oh, so you'd like us to go in order and then the government? Well, I think so. Our intention was I wasn't going to do the model. Oh, I see. Let's hear from the government then. I thought you were splitting the initial time. Thank you. No, I got it. Good morning. My name is Quinn Hochhalter. I'm here on behalf of the United States. May it please the Court. I just want to pick up where we left off on aiding and abetting and mention that this Court doesn't need to get there, and the Court shouldn't want to get there because it's not meritorious. You don't need to get there because it wasn't in the Certificate of Appealability. Well, you see, that's wrong, meaning the way Certificates of Appealability work, if it's in the Certificate of Appealability, of course we have it, but primarily designed actually for pro se litigants, if it's briefed in the opening brief, that's a request to us for a COA, and if you respond, that means that it's properly in front of us. If you don't respond, it's not properly in front of us unless we ask you to respond. But it was in the opening brief. You responded. It's in front of us. Understood, Your Honor. The defense must also make a substantial showing. Well, that's a different question, right? Yes. It must make a substantial showing that a fundamental right, a denial of constitutional right has occurred, and here they can't do that because there is no intervening case law to suggest that their argument is correct. So you don't need to reach the aiding and abetting issue, and I don't think that you want to reach it because the case law is clear that an aider and abetter is treated the same as the principal. I don't think the case law is at all clear, so I think it's a question. If the question is appropriately presented, that is to say I've got the problem with the jury verdict that says and and so on, I think it's a real question. It's a hard question. Whether or not they're treated as a principal or an aider and abetter is the same outcome. Yes, that's true. Section 2 says you will be treated for purposes of sentence as if you were, but that doesn't mean it's the same crime. Your Honor, they are the same crime. No, wait a minute. If it's the same crime, why do we have two different crimes charged? One is the crime itself, and the other one is aiding and abetting the crime. And aiding and abetting the crime is another theory of liability for the crime, but it's not a separate offense. You know, you're not going to get anywhere with me on that point because they're charged separately. They come out of separate sections. They have different elements. If I actually go into the bank with my firearm and rob the bank, that's armed robbery, bank robbery. If I say to my friend who's on his way in, go get him, that's abetting, right? Correct. And those are not the same crimes. But under Roseman, the aiding and abetting requires the same level of intent and knowledge. Well, that's true. So, therefore, are treated the same. Well, they're treated the same for a purpose. That's Section 2. They're treated the same, but that doesn't mean they are the same. They're treated the same for purposes of punishment. Whether they're the same for purposes of is it a crime of violence, that's a different question. That's the question that's a hard question. And this Court has said that aiding and abetting assault with a deadly weapon is a crime of violence. And that was in Ortiz-Magana v. Mukasey. And so that, in addition to Eleventh Circuit case law and Sixth Circuit case law, that the aiding and abetting is treated the same, if it's a crime of violence, the original offense, then aiding and abetting is treated the same as a crime of violence. And that makes sense because throughout case law, aiding and abetting, the aider and abetter and the principal are treated the same. They have the same level of intent and the same punishment. Let me ask the question I asked your adversary. Do we reach the question for a different reason from the one you suggested, which is to say the verdict form says guilty of armed bank robbery and aiding and abetting? And if the person is, by the verdict form, guilty of bank robbery, armed bank robbery, why do we get to the question of the status of aiding and abetting? We wouldn't. And this Court found that there was sufficient evidence that Blanche actually used the firearm in committing the robbery. It was Tubbs that this Court, in its review of the direct appeal, suggested there was sufficient evidence that he was the aider and abetter. If there are no further questions. Well, and there might have some. Why is this a categorical case? Ordinarily we get a categorical approach question when someone is charged in the indictment and simply pleads and doesn't say what he or she did. Here we've got a trial. We've got a trial that charges forced intimidation and violence. And we've got a trial with facts. So why do we even look at this as if it were a categorical question? Your Honor, you need to look at it under Watson. Watson is the binding precedent in this case, which is what defense conceded the moment they stepped up here. Watson is suggesting that this is a crime of violence, and there's nothing, no intervening case law that gets them around Watson. So this Court is bound by that decision. I'm not sure you're quite getting the drift of my question. The argument as to why aiding and abetting is not a crime of violence is that there may be some things that the aider and abetter does, such as merely encouraging an act long before it happens, that are not actually an act of a crime of violence, whereas if I'm actually in the bank and my act of aiding and abetting is to hand the person the gun, that's a very different proposition. But if we're talking categorical, it's the entire range of possible conduct. So that's the categorical approach, but I think the argument we're being given here is a categorical argument. Is that not right? Under Rosamond, all of the conduct to be guilty of aiding and abetting would be covered. Rosamond requires that there has to be an affirmative act, and it has to be in furtherance of the offense with the intent of facilitating the offenses commission. So you cannot be guilty of this without... I'm not sure you understood my question. Are we looking at the aiding and abetting statute as a categorical matter, or are we looking at it as a modified categorical matter? As a categorical matter. Why? Because you don't need to go beyond to the facts. You can answer the question looking at the law. But what happens if I think I can't? Because this is not a...we actually have a charge. You did this. We have a trial. You did this. This looks to me like modified categorical. You don't need to get to modified categorical because it can be answered on simply the elements. I don't know if I can get to categorical because what I actually have is a factual record. You have a factual record, but you don't need to look towards the factual record. Having a factual record doesn't require you to look at it. You can decide this case just looking at the elements, which is what the court did in Watson. Can I decide the case without getting to the categorical? Can I do it the other way? You can decide it based on Watson, and that's what this court should do. I'm not sure when you said based on Watson what you mean. I asked you, can we decide this as a modified categorical and say that the acts charged as abetting and found by the jury as abetting, that clearly is an act of violence, a crime of violence, and not get to the question, well, is it a crime of violence when the only thing the defendant did was in the morning as the burglar goes, as the robber goes out the door, go get him? That is not what this court has done in the past. In the past, it has been solely on the elements. A moment ago, you brought up Ortiz-Magana, and that was about assault with a deadly weapon, but wasn't our analysis there somewhat more general along the lines of Rosamond, that because you have to have the specific intent to further every element, that the aider and abetter can be treated for crime of violence purposes as having committed the functional equivalent of the underlying offense? Yes. Yes, Your Honor. I see I'm over my time. Well, actually, you are. It's still yellow, but if there are no further questions from the bench. Okay. Thank you. Thank you. Good morning, Your Honors. John Ballas on behalf of Michael Blanche. I want to start with the question about the verdicts in this case. I think the best way to view the verdicts in conjunction with the jury instructions is that the description on the verdict is just a general summary of the charges, a description, but it's not really asking the jury to find one and the other. But that's exactly what it says. It does say the word and, but I think it's just are you basically guilty or not guilty of the charge that's in the indictment that says and the armed bank robbery and aiding and abetting. I would say it's poorly worded. It probably should have been or, but the instructions are what the jury is told to decide the case, and that's just a general description of the charge that they say guilty or not guilty. But as I read, at least as the instructions that I read, as I was directed to, it's not very clear to me that the jury was said you can convict under either. We were given the elements of there's this one and there's that one. They weren't told, and listen, the jury verdict will allow you to decide one or the other. They're just given the elements. Here's this one and here's that one, and then they get into the jury room and the verdict form says and, and the jury convicts them of both. Well, the jury still has to read the court's instructions, and then it has to determine guilty or not guilty. There's nothing in the instructions that say they have to unanimously find that one defendant was the aider and abetter and the other was a principal. It's vague. With respect to the court's question. And, of course, both could have been principals. They could, or they could have both actually been aiders and abetters. There's a third defendant in this case as well. With respect to the court's question on the modified categorical approach, I think if you would look at the modified categorical approach, you're generally limited to the jury instructions, the indictment, the verdict. You don't look at the facts of the case. You don't look at the closing arguments or the facts. So I think that even under that approach, it's unclear, and I think you have to kind of assume that the verdict, the decision was both on aiding and abetting. It was on aiding and abetting. You can't disprove that under the modified categorical approach. But if we're doing categorical approach, that in order for, in my view at least, in order for us to say that aiding and abetting is not categorically a crime of violence, I've got to go to the outer boundaries of what might constitute aiding and abetting. Yes. And there's absolutely nothing in this case that suggests that either the charge or the proof is anything like those outer boundaries. But under the categorical approach, you don't look at the facts of the case. I understand that. Right. But it seems to me that the conviction for aiding and abetting can be supported under the modified categorical given the nature of the indictment, given the nature of the proof. A conviction of aiding and abetting, yes. Right. I agree. So I don't think this is a case where you can say, well, listen, my client was an aider and abetter, at least conceivably, only because as the actual robber went out the door, they said, hey, I'm really encouraging you. I hope you succeed. That factual scenario is simply not present in this case. I agree. This isn't a situation where someone was outside the bank for the entire time. It's different. Right. So I'm having trouble treating this as a categorical question as to whether or not aiding and abetting is a crime of violence because the scenario that would help you under the categorical approach just isn't here, given the nature of the indictment and given the nature of proof. But under the categorical approach, it doesn't matter. Well, I understand that, but the question is whether you can get to the categorical approach given the indictment and given the nature of proof. Well, our position would be that I think you do look at the categorical approach because that's the general approach the courts take. But even if you use the modified categorical approach, the jury's verdict, the instructions, the indictment do not rule out a decision by the jury that one or both of the defendants were aiders and abettors. Thank you. Thanks very much. I thank both sides for their arguments. The United States v. Tubbs and Blanche submitted for decision.
judges: W. Fletcher, Miller, Pregerson